IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Fairfield Electric Cooperative, Inc., | ) | C/A: No. 3:12-CV-03130-JFA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S RESPONSE** |
| D.R. Horton, Inc., | ) | **TO DEFENDANT'S MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| Defendant. | ) | |
| | ) | |

NOW COMES Plaintiff, pursuant to Local Rule 7.06, and responds to Defendant's Motion for Summary Judgment. For the reasons herein, Defendant's Motion should be denied.

## NATURE OF THE CASE

This is an action by Plaintiff Fairfield Electric Cooperative, Inc. ("Plaintiff") to recover an amount owed by Defendant D.R. Horton, Inc. ("Defendant") under an Agreement for Underground Service ("Agreement") in a residential subdivision.

## PROCEDURAL HISTORY

Plaintiff filed suit in the Richland County Court of Common Pleas on September 27, 2012. Defendant filed its Notice of Removal, Docket Entry No. 1, and Answer, Docket Entry No. 6, on October 30, 2012. Plaintiff filed its Amended Complaint, Docket Entry No. 24, on January 4, 2013, and Defendant filed its Answer thereto, Docket Entry No. 25, on January 7, 2013. After discovery and during the pendency of the Joint Motion to Extend the Discovery Deadline, Defendant filed its Motion for Summary Judgment, Docket Entry No. 41, on July 8, 2013.  As a result, this Response followed.

## STATEMENT OF FACTS

Plaintiff and Defendant entered into an Agreement for Underground Service on May 21, 2004.  Per the Agreement, Plaintiff agreed to install underground electrical service facilities in a subdivision known as Lake Carolina Parcel 19.  The Agreement is attached to this Response as Exhibit A and incorporated fully herein by reference.  Defendant was the developer of Lake Carolina Parcel 19.  Plaintiff installed the underground electrical service facilities in accordance with the Agreement and waived its usual facilities charge subject to certain provisions of the Agreement.   The provisions at issue in this case are found in Paragraphs 3 and 4 of the Agreement and read as follows:

> 3.      The Developer shall permit an electric water heater to be the only source of heated water in 95% of all dwellings, buildings or other structures that may be erected or placed within the above described Development before the initial residential occupancy of each such dwelling, building or structure. The Developer shall be solely responsible for ensuring full compliance with the provisions of this paragraph.

> 4.      If the Developer should use or permit to be used any water heating source other than electricity furnished by the Cooperative in any dwelling, building or other structure to be located within the above described Development that exceeds 5% of the total number of lots before the initial residential occupancy of each lot, then the Developer shall immediately owe and pay to the Cooperative an amount equal to $500 per lot for those lots exceeding 5%. See Agreement, attached as Exhibit A.

Exhibit A, ¶¶ 3-4.

Defendant did not make any payments under Provision 4 of the Agreement or otherwise notify Plaintiff at any time of any non-compliant lots as required by the plain terms of the Agreement.

Plaintiff performed a review of its contracts that included a lot fee for gas water heaters during the first part of 2012 and determined that Defendant had not paid any fees pursuant to the Agreement. Defendant then performed a field audit during April-May of 2012 to determine which homes in Lake Carolina Parcel 19 used gas water heaters. See Bacon Dep. 30:12-31:11, attached as Exhibit B.

Pursuant to Provision 4 of the Agreement, Plaintiff sent Invoice # 1184, dated May 21, 2012 and totaling $80,000.00, to Defendant as a charge for use of water heating sources other than electricity on one hundred-sixty (160) lots. See letter and invoice, attached as Exhibit C. Defendant refused to pay the outstanding fees and, after additional attempts to collect the fees, Plaintiff filed suit to collect the debt on September 27, 2012.

## LAW

### A.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "(S)ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court in *Anderson* went on to say that "(a)t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

### B.    The Statute of Limitations and the Discovery Rule

"A defendant will be estopped to assert the statute of limitations in bar of a plaintiff's claim when the delay that otherwise would give operation to the statute has been induced by the defendant's conduct." *Dillon Cnty. Sch. Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 218, 332 S.E.2d 555, 561 (Ct. App. 1985), overruled on other grounds by *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 462 S.E.2d

858 (1995). "It is sufficient that the aggrieved party reasonably relied on the words and conduct of the person to be estopped in allowing the limitations period to expire." *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 218 (4th Cir. 1977).

"According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996). "A cause of action should have been discovered through exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist." *Maher v. Tietex Corp.*, 331 S.C. 371, 376-77, 500 S.E.2d 204, 207 (Ct. App. 1998).

<u>ANALYSIS</u>

In its Motion for Summary Judgment, Defendant argues Plaintiff has failed to prove Defendant breached one or more contractual terms, therefore, Plaintiff's lawsuit must be dismissed as a matter of law. However, Plaintiff is not required to prove its case conclusively to overcome summary judgment. Instead, Plaintiff can demonstrate that sufficient evidence exists to create a genuine issue of material fact such that Defendant's motion must be dismissed.

Specifically, Defendant contends: (1) Plaintiff has failed to prove Defendant breached one or more contractual terms and (2) Plaintiff's claim was not brought within the applicable statute of limitations. As demonstrated below, deposition testimony indicates the existence of documents (identified as "land development files") that ascertains those homes in Lake Carolina Parcel 19 that had gas water heaters at the time of initial occupancy. In fact, the Court has extended the discovery deadline to allow the parties to conduct any necessary depositions in

relation to Defendant producing information contained in and/or related to the above-mentioned documents. Moreover, Defendant was solely responsible for ensuring compliance with Provision 3 of the Agreement and Plaintiff had no affirmative duty under the reasonable diligence standard to discover the breach prior to its April-May 2012 field audit.  Finally, Defendant should be estopped in asserting the statute of limitations as a defense because Plaintiff reasonably relied upon Defendant's actions and conduct.

## A.    A Genuine Dispute Exists as to Whether Defendant Installed Gas Water Heaters in Homes in Lake Carolina Parcel 19.

Defendant asserts that there is no genuine dispute as to any material fact in this case. This is true to the extent that Defendant has not disputed the assertion that it installed gas water heaters in homes in the Lake Carolina Parcel 19 subdivision in excess of that allowed under Provision 3 of the Agreement. Conversely, Plaintiff has presented evidence that gas water heaters were installed and that Defendant owes associated fees under Provision 4 of the Agreement.

Plaintiff served Requests for Production on Defendant on December 13, 2012. Plaintiff's Request No. 2 stated: "List the homes constructed by D.R. Horton, Inc. within the subdivision known as Lake Carolina Parcel 19 identifying lot, street address, and indicate whether the home contained an electric water heater or a non-electric water heater." See Plaintiff's Request for Production, attached as Exhibit D. Defendant responded

> Defendant will investigate its files, and if a document containing a summary of the information requested was generated prior to the commencement of this action, it will be produced. However, FRCP 34 does not require Defendant to generate a summary or other data compilation that does not already exist, and Defendant objects to this requests on those grounds.

See Defendant's Responses to Plaintiff's Request for Production, attached as Exhibit E.

Plaintiff's Request No. 4 asks for:

any and all documents, correspondence, or information establishing that DR Horton, Inc. permitted electric water heaters to be the only source of heated water in 95% of all dwellings, buildings, or other structures that may be erected or placed within the subdivision known as Lake Carolina Parcel 19 (excluding The Meadows 1A and Brookshire 1A) before the initial occupancy of each dwelling, building, or structure.

Defendant responded "Responsive documents in Defendant's possession will be produced."

To date, Defendant has not produced any documents responsive to Plaintiff's above-referenced requests. However, the deposition testimony of Jay M. Henderson, D.R. Horton's 30(b)(6) designee, on June 19, 2013, and that of Paul Kwiatkowski, former Controller of D.R. Horton's Charlotte Division, on July 1, 2013, indicated that information responsive to the requests may be contained in the "Land Development Files" for the property/homes at issue. Moreover, Mr. Kwiatkowski testified that the "Land Development Files" are stored indefinitely at D.R. Horton's Charlotte Division office.

During the Rule 30(b)(6) deposition of Defendant, designee and Assistant Vice President Jay M. Henderson responded as follows when asked where D.R. Horton kept records of electric easements or utility easements: "That would be under the land development files." Transcript of the Deposition of Jay M. Henderson, 41:9, relevant portions thereof attached as Exhibit F. When asked whether the utilities information for Lake Carolina Parcel 19 was now stored in the Charlotte Division office, Henderson answered "I don't know where they house it, but yes, it is under their purview." Transcript of the Deposition of Jay M. Henderson, 43:18-19. As to whether there was any other location in which documentation of utility easements would be kept, Henderson said that "(t)he utility stuff should **all** be listed on the land development plans." Transcript of the Deposition of Jay M. Henderson, 43:25-44:1. (Emphasis added).

During his deposition on July 1, 2013, former D.R. Horton Controller Paul Kwiatkowski confirmed that information about the utilities for the properties/homes at issue in this case could

be found in the "Land Development Files."[1] Mr. Kwiatkowski, who amicably ended his employment at D.R. Horton approximately two weeks prior to his deposition, indicated that the "Land Development Files" for the properties/homes at issue were formerly stored at D.R. Horton's Coastal Carolina Division but had been transferred to the Charlotte Division office and would be kept there indefinitely.

Deposition testimony from D.R. Horton's 30(b)(6) designee and its recently departed controller indicate the presence of "Land Development Files" for the properties/homes at issue in this case. Said testimony also indicates that the "Land Development Files" should contain information about what kind of utilities, including water heaters, were installed at the dwellings. Plaintiff's Requests for Production Nos. 2 and 4 seek information purportedly contained in the "Land Development Files."

This Court granted an extension of the discovery deadline to allow for more time for the identification and production of the applicable "Land Development Files" as well as any associated discovery. Per deposition testimony, the files contain information concerning the type of water heaters installed in the homes in Lake Carolina Parcel 19 at the time of construction. Said files could potentially prove that gas water heaters were installed in excess of the allowable amount under Provision 3 of the Agreement, an essential element of Plaintiff's case. Defendant's 30(b)(6) representative and former controller have testified to the existence of documents that, at the very least, provide a genuine issue of material fact as to whether or not Defendant installed gas water heaters on some of the homes in Lake Carolina Parcel 19 prior to initial occupancy.

In its Motion for Summary Judgment, Defendant acknowledged that any ruling on

---

[1] Mr. Kwiatkowski was deposed on July 1, 2013. Plaintiff's counsel has not received the transcript prior to the filing of this Response. Plaintiff will supplement the relevant portions thereof upon receipt if requested by the Court.

section B of its argument should be deferred until the new discovery deadline of August 9, 2013. See Docket Entry No. 41-1, page 8, footnote 2. Plaintiff served supplemental discovery requests seeking the above-referenced "Land Development Files" on Defendant on July 9, 2013 to provide Defendant ample time to respond before the new discovery deadline.

When viewed in the light most favorable to Plaintiff, deposition testimony acknowledging files containing information as to what kind of water heaters were installed in homes at the subject property demonstrates a genuine dispute as to a material fact in the case. As such, Plaintiff respectfully requests this Court to deny Defendant's Motion for Summary Judgment, or, in the alternative, defer ruling on section B of Defendant's Motion until the time allotted for discovery has expired.

**B.      Plaintiff's Claim Was Brought Within the Applicable Statute of Limitations.**

For the sake of concision, Plaintiff agrees with Defendant's assertion, along with supporting citations, that causes of action for breach of contract must be brought within three years of accrual and that such actions accrue pursuant to the discovery rule. In accordance therewith, Plaintiff did, in fact, bring this action within the applicable statute of limitations.

Defendant asserts that Plaintiff should have known of any breaches of the Agreement at the time of closing for each individual home in the subdivision. However, the Agreement states that "(t)he Developer shall be solely responsible for ensuring full compliance with the provisions of this paragraph." Exhibit A, Paragraph 3. Therefore, under the Agreement, Defendant was **solely** responsible for ensuring that ninety-five percent (95%) of the homes in the subdivision had electric water heaters installed prior to initial occupancy. If Defendant did not so ensure, it immediately owed $500.00 per non-compliant lot and should have paid the fees at that time.

There was no reasonable expectation for Plaintiff to check behind Defendant for non-compliance with the Agreement. Otherwise, a duty would have been imposed on Plaintiff that was not contemplated under the Agreement. "Reasonable diligence" did not require Plaintiff to visit each property on or about the date of closing to ensure that electric water heaters were installed.  In fact, the terms of the Agreement, along with the fundamental duty of good faith and fair dealing, place the onus on Defendant to ensure compliance or pay the associated fines.  As such, unless Defendant self-reported and/or paid fees under the Agreement, Plaintiff could not, and should not, have known of any breach until it acted to verify reasonable suspicions.

Defendant did not pay any fees under the Agreement or notify Plaintiff of any non-compliance. As such, Plaintiff had no reason to suspect non-compliance until it performed a field audit during April and May of 2012 to confirm suspicions that arose during a survey of contracts performed earlier that year. See Bacon Dep. 30:12-31:11.  By performing the survey of contracts and field audit, Plaintiff exercised reasonable diligence to discover the breach.  The cause of action accrued in April or May of 2012 and Plaintiff filed the Complaint on September 27, 2012, well within the applicable statute of limitations.

Assuming *arguendo* that reasonable people could disagree as to when Plaintiff should have known of the breach, resolution of that disagreement is reserved for the jury at trial, which "exists to resolve what reasonable minds would recognize as real factual disputes." *Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985). "The jury must resolve conflicting evidence as to whether a claimant knew or should have known he had a cause of action." *Maher,* 331 S.C. at 376-77, 500 S.E.2d at 207.

Further, even if a jury could ultimately find that Plaintiff should have known of the breaches before April or May of 2012, Defendant is estopped from asserting the statute of

limitations as a defense because Defendant's conduct induced the delay in discovery. Plaintiff reasonably relied on Defendant's representation under the Agreement that Defendant would be solely responsible for ensuring that electric water heaters were installed in ninety-five percent (95%) of the homes in the subdivision or pay the associated fees. Defendant did not notify Plaintiff of any non-compliant lots nor pay any fees that were immediately due under the Agreement. Defendant's failure to fulfill its affirmative duty under the Agreement caused Plaintiff's delay in discovering the breach and, pursuant to the Court's holding in *Dillon County*, *supra*, Defendant should be estopped to assert the statute of limitations as a bar to Plaintiff's claim.

Under the discovery rule, Plaintiff exercised reasonable diligence to discover breaches of the Agreement by performing contract surveys and field audits between February and May of 2012. Plaintiff could not, and should not, have known of any breaches until that point. At the very least, Plaintiff has presented evidence of reasonable diligence sufficient to overcome summary judgment and have this dispute submitted to a jury.

Even if a jury could ultimately find that Plaintiff should have discovered the breach sooner, Defendant's conduct in not paying the agreed-to fees as provided by the Agreement caused Plaintiff to reasonably conclude Defendant had, in fact, installed electric water heaters as contemplated by the parties' contract. To allow Defendant to assert the statute of limitations because Plaintiff did not take the additional step of going behind Defendant and inspecting the water heater status of every home Defendant constructed would amount to rewriting the parties' Agreement. Accordingly, even assuming *arguendo* the statute of limitations applies in this situation, Defendant should be estopped from asserting it because Plaintiff reasonably relied on the conduct of Defendant in allowing the limitations period to expire. *City of Bedford*, *supra*.

## CONCLUSION

Plaintiff has presented evidence through written discovery and deposition testimony that a genuine dispute exists as to whether Defendant installed gas water heaters in homes in Lake Carolina Parcel 19. Plaintiff therefore respectfully requests this Court to deny Plaintiff's Motion for Summary Judgment on the basis that evidence presented to date demonstrates a genuine dispute as to a material fact in this case. In the alternative, Plaintiff respectfully requests this Court to defer ruling on section B of Plaintiff's Motion until August 9, 2013.

Addressing Defendant's argument that the action is barred by the applicable statute of limitations, Plaintiff argues that the cause of action accrued in April or May of 2012, when Plaintiff's field audit revealed the presence of gas water heaters in homes subject to the parties' Agreement. The Agreement placed sole responsibility for compliance with Provision 3 on Defendant, and, to date, Defendant has neither self-reported any violations nor paid any fees under the terms of the Agreement. Plaintiff therefore could not have known of any breaches before its field audit, which satisfied the reasonable diligence requirement under the circumstances. Plaintiff brought the action within months of accrual and well within the applicable statute of limitations.

Furthermore, assuming *arguendo* the limitations period applies, Plaintiff reasonably relied upon Defendant's conduct in not paying the agreed upon fees as proof that Defendant complied with the terms of the Agreement. As such, Defendant should be estopped from now benefitting from its failure to abide by the contractual terms and assert the statute of limitations as a bar to Plaintiff's claims.

For the reasons shown herein, and based upon the applicable case law, Plaintiff respectfully requests this Court to deny Defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

DuBOSE-ROBINSON, PC

By:    s/H. Thomas Morgan, Jr.
        H. THOMAS MORGAN, JR.
        Federal ID: 10189
        Email: tommy@duboselaw.com
        JOHN K. DuBOSE, III
        Federal ID: 9880
        Email: john@duboselaw.com
        L. SHAWN SULLIVAN
        Federal ID: 10564
        Email: shawn@duboselaw.com
        ATTORNEYS FOR PLAINTIFF
        FAIRFIELD ELECTRIC
        COOPERATIVE, INC.
        935 Broad Street
        Post Office Drawer 39
        Camden, South Carolina 29021
        (803) 432-1992

July 26, 2013